Ashley T. OSKOLKOFF, Appellant,

v.

STATE of Alaska, Appellee.

No. A–10611.

Court of Appeals of Alaska.

May 11, 2012.

Jane B. Martinez, Contract Public Defender, and Quinlan Steiner, Public Defender, Anchorage, for the Appellant.

Mary A. Gilson, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and John J. Burns, Attorney General, Juneau, for the Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and BOLGER, Judges.

## OPINION

COATS, Chief Judge.

The State charged Ashley T. Oskolkoff with the offense of "habitual minor consuming" because, while under the age of twenty-one, she consumed alcoholic beverages and she had several prior convictions for minor consuming.[1] In the district court, Oskolkoff argued that the existence of prior convictions was an element of the offense, and that therefore this question was for the jury, with the State having to prove the prior convictions beyond a reasonable doubt. District Court Judge Gregory Motyka rejected this argument, concluding that a defendant's prior convictions constituted a sentencing factor to be decided by the court. Accordingly, Judge Motyka did not submit the question of Oskolkoff's criminal history to the jury.

The jury convicted Oskolkoff. She now appeals, renewing her argument that a defendant's prior convictions are an element of the offense, and arguing that Judge Motyka erred when he took this issue from the jury. For the reasons explained here, we agree with Oskolkoff that when a defendant is charged with either "repeat minor consuming" or "habitual minor consuming," the existence of the defendant's prior convictions is an element of the offense. Oskolkoff is therefore entitled to a new trial.

In addition, our review of the district court proceedings in Oskolkoff's case convinces us that we need to clarify exactly what criminal history the State must prove in order to support a conviction for "habitual minor consuming." In the trial court proceedings in this case, both Judge Motyka and the law-

yers for the parties assumed that the question was whether Oskolkoff had two or more prior convictions for minor consuming. This is incorrect.

■ Although the habitual minor consuming statute, AS 04.16.050(d), speaks of proof that the defendant "has been previously convicted twice," this phrase does *not* refer to previous convictions for minor consuming. Rather, it refers to previous convictions (or delinquency adjudications) for *other* crimes: drug offenses, driving under the influence, breath-test refusal, and the various crimes that relate to minors driving after consuming any amount of alcohol.[2]

*Description of AS 04.16.050, the statute that forbids minors from possessing or consuming alcoholic beverages*

Alaska Statute AS 04.16.050 declares that, with certain exceptions, a person under the age of twenty-one is prohibited from possessing or consuming alcoholic beverages. The current scheme of escalating penalties for first offenders and repeat offenders was enacted in 2001.[3] The statute has been amended since then, but it retains the same basic penalty structure adopted in 2001.[4] We note that, because Oskolkoff's current offense was committed in 2009, the 2008 version of the statute is the one that applies to her.

The minor consuming statute creates three levels or degrees of the offense. Under subsection (b) of the statute, a first offender's crime is simply called "minor consuming," and these offenders can receive one of two penalties: either a suspended imposition of sentence under subsection (b)(1) of the statute, or a small fine and probation under subsection (b)(2) of the statute.

The next level of the offense, "repeat minor consuming," is defined in subsection (c) of the statute. To successfully prosecute a person for "repeat minor consuming" under the 2008 version of the statute, the State had to prove that the person possessed or consumed alcoholic beverages as a minor, and that the person either "was placed on probation under [subsection] (b)(1)"—i.e., the

---

1. Former AS 04.16.050(d) (2008).

2. *See* AS 04.16.050(*l*)(3).

3. 2001 SLA, ch. 65, §§ 1, 2.

4. *See* 2008 SLA, ch. 75, §§ 1–5; 2010 SLA ch. 86, § 8; 2010 SLA ch. 88, §§ 3–5.

person received a suspended imposition of sentence for a prior minor consuming conviction—*or* the person "[had] been previously convicted once."

This last phrase is problematic. At first blush, it appears to refer to a person's prior conviction for minor consuming. But this is incorrect. A person with a prior conviction for minor consuming has *not* been "previously convicted" under this statute. Instead, the legislature used the phrase "previously convicted" in a non-standard way. The meaning of "previously convicted" (for purposes of the minor consuming statute) is found in subsection (*l*)(3) of the statute. Under this definition,

> "previously convicted" means a conviction or an adjudication as a delinquent for a violation of AS 11.71, AS 28.35.030, 28.35.032, 28.35.280–28.35.290, or a law or ordinance in another jurisdiction with substantially similar elements.

Translated into English, this subsection refers to prior convictions (or delinquency adjudications) for any of the controlled substance offenses defined in AS 11.71, or for driving under the influence, breath-test refusal, or the various crimes relating to minors who drive after consuming any amount of alcohol.

So, to successfully prosecute a person for "repeat minor consuming" under subsection (c) of the 2008 version of the statute, the State had to prove that the defendant had one of two criminal histories. One option was to prove that the defendant was previously convicted of basic "minor consuming" under subsection (b) of the statute, *and* that the defendant received a suspended imposition of sentence under subsection (b)(1) of the statute, as opposed to the normal probation described in subsection (b)(2). The second option was to prove that the defendant was "previously convicted once"—but as we have just explained, this does not mean "previously convicted of minor consuming." Rather, it means previously convicted of a drug offense, or driving under the influence, or breath-test refusal, or one of the crimes relating to minors driving after consuming alcohol.

(We note that, under this 2008 version of the statute, a person who was convicted of basic "minor consuming" and who received normal probation under subsection (b)(2) of the statute was apparently not subject to increased penalties for a subsequent offense. This loophole has been eliminated in the current version of AS 04.16.050(c).)

The third and highest level of the offense, "habitual minor consuming," is defined in subsection (d) of the statute. To successfully prosecute a person for habitual minor consuming under the 2008 version of the statute, the State had to prove that the person possessed or consumed alcoholic beverages as a minor, and that the person either "was placed on probation under [subsection] (c)"—i.e., the person was previously convicted of "repeat minor consuming"—*or* the person "[had] been previously convicted twice." Again, this language does not refer to a person's prior convictions for minor consuming, but rather to a person's prior convictions for the offenses listed in subsection (*l*)(3) of the statute.

### The proceedings in Oskolkoff's case

Oskolkoff was charged with habitual minor consuming under subsection (d) of the statute. Accordingly, the State was required to prove that Oskolkoff consumed or possessed an alcoholic beverage and that (1) she had previously been convicted of "repeat minor consuming" and placed on probation under subsection (c) of the statute, or (2) she had at least two prior convictions for any of the other offenses listed in subsection (*l*)(3) of the statute.

Oskolkoff had four prior convictions for minor consuming, but none of these convictions was for repeat minor consuming under subsection (c) of the statute. Oskolkoff's first two convictions (January 2006 and February 2007) were for the basic offense of "minor consuming" under subsection (b) of the statute. Oskolkoff's next two convictions (August 2007) were for "habitual minor consuming" under subsection (d) of the statute.

(It appears that these latter two convictions may have been prosecuted under the mistaken assumption that the phrase "previously convicted twice" referred to a person's prior convictions for minor consuming. However, the validity of those convictions is not before us.)

At the close of the State's case, Oskolkoff moved for dismissal of the habitual minor

consuming charge, arguing that her criminal history was an element of the crime, and that the State had failed to present any evidence that she had the necessary prior convictions to elevate her offense to "habitual minor consuming." The trial judge ruled that Oskolkoff's criminal history was not an element of the crime, but rather a factor that the court was required to consider at sentencing. The judge therefore denied Oskolkoff's motion.

As we explained earlier, the trial judge and the parties appear to have mistakenly believed that "previously convicted" referred to a defendant's prior convictions for minor consuming. Thus, the State was later allowed to argue that Oskolkoff should be convicted of habitual minor consuming because she had two or more prior convictions for minor consuming. The State made no effort to prove that Oskolkoff had ever been convicted of "repeat minor consuming" under subsection (c) of the statute, or that Oskolkoff had ever been convicted of any of the other offenses listed in subsection (*l*)(3) of the statute.

*Why we conclude Oskolkoff is entitled to a new trial*

■ Although Oskolkoff characterizes her mid-trial motion as a motion for a judgment of acquittal (see Alaska Criminal Rule 29(a)), her underlying contention is that when a defendant is charged with "habitual minor consuming," the defendant's predicate criminal history is not a sentencing factor, but rather an element of the offense that must be decided by the jury, and proved beyond a reasonable doubt.

Thus, the dispute in the district court was not about a supposed failure of proof, but rather about the proper definition of the offense. Under these circumstances, if Oskolkoff is right, and a defendant's prior convictions constitute an element of the offense, she is entitled to a new trial, but not an acquittal.[5]

We turn, then, to the question of whether a defendant's predicate criminal history is an element of habitual minor consuming under AS 04.16.050(d).

In a series of cases involving analogous statutes—that is, statutes which specify an increased level of offense for repeat offenders[6]—this court has developed a rule of construction that governs such statutes: this type of statute "will be interpreted to create . . . separate substantive offense[s], and the defendant's prior convictions will be construed as an element of [the greater] offense, unless the legislature clearly indicates a contrary intention."[7]

As we explained earlier, the current format of AS 04.16.050 was enacted in 2001, several years after this court decided *Tallent*. Interpretation of this statute is therefore governed by the rule we set forth in *Tallent*.

■ We have examined the legislative history of AS 04.16.050. That history does not contain a clear indication that the legislature intended the repeat-offender provisions to be merely penalty provisions. Accordingly, we construe the statute in accordance with the *Tallent* rule, and we hold that when a defendant is prosecuted for "repeat minor consuming" under subsection (c) of the statute or "habitual minor consuming" under subsection (d) of the statute, a defendant's predicate criminal history is an element of the offense.

In Oskolkoff's case, the required criminal history was either (1) a prior conviction for "repeat minor consuming" under subsection (c) of the statute, or (2) two prior convictions for the other offenses listed in subsection (*l*)(3) of the statute. Because Oskolkoff's jury was never asked to decide whether the State had proved this predicate criminal history, Oskolkoff is entitled to a new trial.

*Conclusion*

The judgment of the district court is REVERSED.

**5.** *See West v. State,* 223 P.3d 634, 639–40 (Alaska App.2010); *Collins v. State,* 977 P.2d 741, 748, 751 (Alaska App.1999).

**6.** *See Tallent v. State,* 951 P.2d 857 (Alaska App. 1997); *Ross v. State,* 950 P.2d 587 (Alaska App.

1997); *Morgan v. State,* 661 P.2d 1102 (Alaska App.1983).

**7.** *Tallent,* 951 P.2d at 861.